UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMOUD SHABAN & SONS CO.,

                    Plaintiff,
        v.

MEDITERRANEAN SHIPPING CO., S.A.,
and GLOBERUNNERS, INC.,

                    Defendants.

GLOBERUNNERS, INC.,

                    Third-Party
                    Plaintiff
        v.

AMERICAN COMMODITY COMPANY,
LLC,

                    Third-Party
                    Defendant.

11 Civ. 6322

**OPINION**

    This is an action to recover the amount paid to purchase a very large quantity of rice—$1.2 million worth of rice, according to the complaint—and to have it shipped from Oakland, California, to Amman, Jordan. By the time the rice arrived in Jordan, however, the rice was contaminated with various odors, infested with insects, and ultimately condemned by the Jordanian health authorities.

    On September 9, 2011, Mahmoud Shaban brought suit against Mediterranean Shipping and Globerunners, the shippers of the rice. Mediterranean Shipping owned the ship, and Globerunners was the non-vessel operating common carrier. Mahmoud Shaban

originally filed suit in both the Northern District of California and the Southern District of New York.  On January 19, 2012, Mahmoud Shaban filed and served a second amended complaint in the Southern District of New York, and on January 26, 2012, Mahmoud Shaban voluntarily dismissed the suit in the Northern District of California because the bill of lading for the shipment specified that the appropriate forum was the Southern District of New York.

On February 23, 2012 Globerunners filed a third-party complaint against American Commodity Company, see Fed. R. Civ. P. 14(c), since it was ACC that had loaded and sealed the rice into its shipping containers for the voyage to Jordan. ACC, however, had not been a party to the bill of lading containing the forum-selection clause that provided the sole basis for this court's jurisdiction. ACC therefore moved to dismiss the third-party complaint on May 18, 2012. The court denied that motion on January 28, 2013, concluding that Globerunners had acted as ACC's agent for the purpose of negotiating the forum-selection clause.

Less than two weeks after the court issued that opinion, on February 11, 2013, ACC filed another motion. This time ACC moved to stay the litigation so that the dispute between itself and Mahmoud Shaban could be submitted to arbitration pursuant to an arbitration clause in the contract between them. That motion to stay is the motion presently before the court.

The motion is granted.

The Federal Arbitration Act, 9 U.S.C. § 2, provides that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22, (1983). There is no contention that Mahmoud Shaban and ACC did not agree to arbitrate their disputes or that the claims in this case are not arbitrable. GlobeRunners contends, rather, that ACC waived its right to arbitration when it moved to dismiss the third-party complaint instead of moving to enforce the arbitration agreement and by participating substantially in the litigation since then.

The courts of the Second Circuit use a three-part test to determine whether a party has waived its right to arbitration. Courts weigh the time elapsed from when litigation was commenced until the request for arbitration; the amount of litigation to date, including motion practice and discovery; and proof of prejudice. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 252 F.3d 218, 229 (2d Cir. 2001). The third element, proof of prejudice, is especially crucial because "[t]here can be no waiver unless that conduct has resulted in prejudice to the other party." Leadertex v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 26 (2d Cir. 1995). Any doubts concerning the validity of an arbitration agreement should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp., 460 U.S. at 24–25.

GlobeRunners argues that "to allow ACC to arbitrate...would do severe prejudice to all parties." This prejudice, GlobeRunners argues, comes primarily in the form of the nine months' delay between the time it served its Third-Party Complaint on ACC and ACC's formal demand to arbitrate and the expense of participating in discovery with ACC during

that time. It is true that delay or expense can constitute prejudice sufficient to find that a party has waived its right to arbitrate. "[P]rejudice as defined by our cases refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Doctor's Assocs. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997). But, on the other hand, "legal expenses inherent to litigation, 'without more,' do not constitute prejudice requiring a finding of waiver." Id.

GlobeRunners and Mahmoud Shaban contend that they "incurred the cost and expense of attending four depositions hosted by ACC's counsel." Furthermore, they contend they were prejudiced by having to "appear and actively participate in each of the seven depositions by objecting to questions of ACC representatives and cross-examining the other fact witnesses." But these "legal expenses inherent to litigation" without more do not rise to the level of prejudice. GlobeRunners and Mahmoud Shaban's arguments suggest that ACC did nothing more than prepare for litigation in the event that its motions to dismiss and to compel arbitration were denied. And it is well established that ACC's choice to file a motion to dismiss before moving to compel arbitration does not in itself waive ACC's right to enforce the arbitration clause after the motion to dismiss is resolved. See Rush v. Oppenheimer & Co., 779 F. 2d 885, 888 (2d Cir. 1985).

Again, it is true that "substantial expense and loss of time" can rise to the level of prejudice. Id. But while the harm to GlobeRunners may be of the right kind, it falls short as a matter of degree. *Substantial* prejudice has been found when the judicial activity included a full trial on the merits. Demsey & Assocs., Inc. v. S.S. Sea Star, 461 F.2d 1009,

1018 (2d Cir. 1972). Meanwhile, no waiver has been found when a party waited five months before invoking arbitration, Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968); when a party waited eight months before invoking arbitration, during which time, it participated in "extensive discovery, [brought] a motion to dismiss and [posted] thirteen affirmative defenses to the amended complaint," Rush, 779 F.2d 885, 887 (2d Cir. 1985); or when a party waited nine months—only two months before the start of trial—to argue that the contracts at issue contained an arbitration agreement, Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978, 980 (2d Cir. 1942).

It is clear—especially by comparison to the cases just described—that the expense and delay caused by ACC's participation in this suit fall far short of "substantial expense and loss of time" as the courts of this Circuit have used the term.

Accordingly, the court concludes that ACC has not waived its right to arbitrate Mahmoud Shaban's claims against it. The motion to stay litigation of these claims is therefore granted.

This opinion resolves the motion listed as document number 46 in case number 11 Civ. 6322.

So ordered.

Dated: New York, New York
September 20, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13

5